UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

KIMBERLY ENGLAND,            )
(Social Security No. XXX-XX-0979),  )
                  )
         Plaintiff,    )
                  )
      v.          )     4:05-cv-48-WGH-DFH
                  )
JO ANNE B. BARNHART, Commissioner  )
of Social Security Administration,  )
                  )
        Defendant.    )

## MEMORANDUM DECISION AND ORDER

### I.  Statement of Case

Plaintiff, Kimberly England, seeks judicial review of a final decision of the agency, which found her not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income Benefits ("SSI") under the Social Security Act ("the Act").  42 U.S.C. §§ 416(i), 423(d); 20 C.F.R. § 404.1520(f).  The Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Plaintiff applied for SSI and DIB on September 9, 2002.  (R. 44-46, 184-86).  Both applications were denied initially and on reconsideration.  (R. 29-39, 187-94).  Plaintiff appeared and testified before Administrative Law Judge ("ALJ") Sarah Miller on August 5, 2004.  (R. 242-72).  Plaintiff was represented at the hearing by her attorney, Steven Robison.  (R. 22).  Also testifying was Vocational

Expert ("VE") George Parson.  ALJ Miller ruled on November 16, 2004, that

Plaintiff was not disabled because she retained the residual functional capacity

to perform a substantial number of jobs in the regional economy.  (R. 14-18).

The ALJ's decision became the agency's final decision when the Appeals Council

denied Plaintiff's request for review on March 9, 2005.  (R. 6-9).  20 C.F.R. §§

404.955(a), 404.981.  Plaintiff then filed a complaint on April 5, 2005, seeking

judicial review of the ALJ's decision.

## II.  Vocational Profile

Plaintiff was born on May 24, 1958, and was 46 at the time of the ALJ's

decision.  (R. 16).  Plaintiff was, therefore, a younger individual at all times

relevant to the ALJ's decision.  Plaintiff had a high school education, and her

past relevant work consisted of jobs as a furniture sander, kitchen aide, press

operator, and bakery laborer, jobs ranging from sedentary to light and including

skilled and unskilled positions.  (R. 16).

## III.  Standard of Review

An ALJ's findings are conclusive if they are supported by substantial

evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant

evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Perkins v.

Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  This standard of review recognizes

that it is the Commissioner's duty to weigh the evidence, resolve material

conflicts, make independent findings of fact, and decide questions of credibility. *Richardson*, 402 U.S. at 399-400.  Accordingly, this Court may not re-evaluate the facts, weigh the evidence anew or substitute its judgment for that of the Commissioner.  *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).  Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the Court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

## IV.  Standard for Disability

In order to qualify for disability benefits under the Act, Plaintiff must establish that she suffers from a "disability" as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Social Security regulations set out a sequential five step test the ALJ is to perform in order to determine whether a claimant is disabled.  *See* 20 C.F.R. § 416.920. The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  *Id.*  The burden of proof is on Plaintiff during

- 3 -

steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## V.  The ALJ's Decision

ALJ Miller concluded that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of August 15, 2002, and that she met the insured status requirements of the Social Security Act at all times relevant to the decision.  (R. 17).  The ALJ then concluded that Plaintiff suffered from severe impairments stemming from Legg-Perthe's disease, mild degeneration of the lumbosacral spine, and a history of subarachnoid aneurism, but that none of these impairments met or equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 17).  The ALJ determined that Plaintiff could not perform her past work, but retained the residual functional capacity to perform a full range of work, except that she was limited to lifting or carrying 20 pounds occasionally and 10 pounds frequently.  (R. 17).  The ALJ also determined that plaintiff was required to alternate between sitting and standing or walking every hour or two, could only occasionally engage in postural activities, was unable to climb ladders or ropes, and could not work around heights or machinery.  (R. 17).  The ALJ concluded that even with these limitations, Plaintiff could still perform a significant number of jobs in the local and national economies.  (R. 18).  Therefore, the ALJ concluded that Plaintiff was not under a disability at any time relevant to her decision.

## VI.  The Issues

Plaintiff has raised three issues to be determined by the Court.  They are as follows:

> 1.    Whether Dr. Marshall's opinions were entitled to controlling weight.
>
> 2.    Whether Plaintiff suffered from a severe psychological impairment.
>
> 3.    Whether the ALJ's credibility determination was adequate.

**Issue 1:    Whether Dr. Marshall's opinions were entitled to controlling weight**

Plaintiff claims that the ALJ erred in failing to accord controlling weight to the opinions of her treating physician, Dr. Thomas Marshall.  It is true that the opinions of a treating physician are generally entitled to controlling weight. *Clifford*, 227 F.3d at 870.  However, an individual is not disabled simply because her treating physician says so.  *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir 2001).  An ALJ may, therefore, reject the opinion of a treating physician if it is internally inconsistent, or inconsistent with other medical evidence in the record.  *Id.* at 1176, 1178.

The opinions of Dr. Marshall that Plaintiff wishes to be given controlling weight are a note from December 4, 2002, that claims that Plaintiff is permanently disabled and that her return to work date is "[n]ever" (R. 220), and a residual functional capacity form dated August 10, 2004, that Dr. Marshall filled out that suggests that Plaintiff cannot engage in even sedentary work

because she has an arthritic hip which limits her ability to sit, stand, or walk, and prevents bending, twisting, lifting, or prolonged sitting.  (R. 226).

ALJ Miller determined that these opinions were not entitled to controlling weight because Dr. Marshall's evaluations of Plaintiff revealed examination results with mostly mild findings including muscle strength within normal limits, negative straight leg raising, and little or no pain on range of motion testing.  (R. 16).  The Court concludes that the ALJ's determination is supported by substantial evidence.  A reasonable individual could examine the opinions of Dr. Marshall and determine that they were not entitled to controlling weight.  Dr. Marshall's own records from September 4, 2002 (R. 141), October 16, 2002 (R. 143), November 27, 2002 (R. 145), and January 22, 2003 (R. 175), reveal examination results that simply do not support Dr. Marshall's drastic opinions. Hence, the Court concludes that Dr. Marshall, while a treating physician, provided opinions that were internally inconsistent and not entitled to controlling weight.  *Dixon*, 270 F.3d at 1176-78.

**Issue 2:       Whether Plaintiff suffered from a severe psychological impairment**

Plaintiff next argues that she suffers from a severe psychological impairment and that it should have been considered when posing hypothetical questions to the VE.  Plaintiff points to a report prepared by Jill A. Christopher, Psy.D., which indicates that a Wechsler Memory Scale test was administered and that Plaintiff achieved a score of 70 which is in the borderline range.  (R. 172-73).  The report suggested that Plaintiff scored at the below average to low

average level on every subtest.  (R. 173).  However, Dr. Christopher did not list a
diagnosis for Plaintiff at either Axis I or Axis II, and she then explained that
Plaintiff "does not meet criteria for any mental health disorder.  Her symptoms
effecting possible disability are more physical and/or medical in nature."  (R.
173).

   Based on Dr. Christopher's report, which is the only record that suggests
that Plaintiff suffers from any psychological impairment, the Court concludes
that the ALJ's determination that Plaintiff did not suffer from a severe
psychological impairment is supported by substantial evidence.  In order for a
psychological impairment to be severe, it must significantly limit a person's
physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).
In this instance, Plaintiff must demonstrate that she is limited in:  (1)
understanding, carrying out, and remembering simple instructions; (2) use of
judgment; (3) responding appropriately to supervision, co-workers, and usual
work situations; or (4) dealing with changes in a routine work setting.  20 C.F.R.
§ 416.921.

   The evidence from Dr. Christopher simply does not suggest that Plaintiff
was significantly limited in her ability to perform any of these tasks.  The ALJ's
determination that Plaintiff did not suffer from a severe psychological
impairment was, therefore, warranted, and no hypothetical questions about
Plaintiff's memory were necessary.

**Issue 3:**       **Whether the ALJ's credibility determination was adequate**

Finally, Plaintiff argues that ALJ Miller improperly found Plaintiff's testimony about pain not to be credible.  The Seventh Circuit has noted that an ALJ's credibility determination will not be overturned unless it is "patently wrong." *Powers v. Apfel*, 207 F. 3d 431, 435 (7th Cir. 2000).  SSR 96-7p states that the ALJ's decision regarding the claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  Moreover, 20 C.F.R. § 404.1529(c)(3) states that when a claimant's subjective individual symptoms, such as pain, are considered, several factors are relevant including:  (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. § 404.1529(c)(3)(i)-(vii).

Case 4:05-cv-00048-WGH-DFH   Document 21   Filed 01/03/06   Page 9 of 10 PageID #: 98
The ALJ's credibility determination relied on some of the factors listed in 20 C.F.R. § 404.1529.  Specifically, the ALJ determined that Plaintiff was not credible because:  (1) her statements that she did not do household chores was contradicted by a statement she made in November 2002 that she merely requires help from family members to finish chores; (2) her statements about inability to perform prolonged sitting, standing, or walking are not consistent with the mild findings by Dr. Marshall; and (3) Plaintiff did not report any significant side effects from pain medication or that pain medication did not alleviate her pain.  (R. 16).  ALJ Miller also noted earlier in her opinion that Plaintiff suggested that she suffered from depression, but that nowhere in the medical records was there any reference to a problem with depression.  (R. 15).

The Court concludes that, because there has been no demonstration that ALJ Miller's credibility determination was "patently wrong," the determination that Plaintiff's complaints of pain were not fully credible must stand.  The decision was "sufficiently specific to make clear to [Plaintiff] and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  S.S.R. 96-7p.[1]

---

[1]There is some discussion in the record that Plaintiff suffered from an aneurism which now causes her to be intolerant to chemicals and she must, therefore, work in a clean-air environment.  While Plaintiff did not raise this as an issue requiring reversal in her brief, she did reference the aneurism and her lack of tolerance to chemicals.  The Court, therefore, feels obligated to at least briefly mention this issue.  Plaintiff did, in fact, suffer from an aneurism.  (R. 124-27).  However, there is no medical evidence in the record that suggests that Plaintiff is intolerant to chemicals and must work in a clean-air environment.  In fact, the Court notes that Plaintiff testified at her hearing to smoking a half a pack of cigarettes a day.  (R. 253).  And, in

## VII.  Conclusion

The ALJ was not required to give controlling weight to the opinions of Dr.

Marshall, and her assessment of Plaintiff's credibility was adequate.

Additionally, Plaintiff did not suffer from a severe psychological impairment.

Therefore, the final decision of the Commissioner is **AFFIRMED,** and this case is

**DISMISSED, with prejudice.**

     **SO ORDERED.**

**Dated:**   01/03/2006

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Steven K. Robison
MONTGOMERY ELSNER & PARDIECK
srobison@meplegal.com

_____

(cont.)

her brief to the Court, Plaintiff specifically indicates that smoking is one of the main
risk factors for a subarachnoid hemorrhage.  (Brief in Support of Claim at n.6).  In
light of the lack of medical evidence and Plaintiff's smoking (which is in complete
conflict with Plaintiff's claim of the need of a clean-air environment), the Court
concludes that no consideration of the need for a clean-air environment was
necessary.

- 10 -